UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MOEIN BOZORGPASAND,<br><br>                    Petitioner,<br><br>        v.<br><br>FACILITY ADMINISTRATOR,<br>NORTHWEST IMMIGRATION AND<br>CUSTOMS ENFORCEMENT<br>PROCESSING CENTER,<br><br>                    Respondents. | CASE NO. 25-cv-1177-JHC<br><br>ORDER |

**I**

**INTRODUCTION**

This matter comes before the Court on Petitioner Moein Bozorgpasand's Petition for Writ of Habeas Corpus. Dkt. # 9. The Court has reviewed the materials filed in support of and in opposition to the petition, the rest of the record, and the governing law. Being fully advised, for the reasons below, the Court GRANTS the Petition. Dkt. # 9.

**II**

**BACKGROUND**

Petitioner is a non-U.S. citizen who arrived in the United States on or about October 20, 2024. Dkt. # 13 at 2. Upon arrival, Petitioner was immediately taken into custody and issued a

ORDER - 1

Notice and Order of Expedited Removal. *Id.* After claiming fear of removal to his country of origin, Iran, on November 22, 2024, Petitioner was referred to the United States Citizenship and Immigration Services for a credible fear review interview. *Id.* On January 15, 2025, Petitioner was issued a Notice to Appear charging him with inadmissibility under the Immigration and Nationality Act (INA) §§ 212(a)(7)(A)(i)(I) and 212(a)(6)(A)(i). Dkt. # 13 at 2. In March 2025, with the aid of counsel, Petitioner admitted to the NTA's allegations and sought asylum and withholding of removal. Dkt. # 13 at 2. On May 1, 2025, an immigration judge denied Petitioner's asylum application, ordered him removed, but granted him withholding of removal to Iran. Dkt. # 13 at 3; Dkt. # 14-1. Petitioner waived his right to appeal. *Id.*; Dkt. # 14-1.

It is undisputed that on May 12, 2025, immigration officials submitted a request to Costa Rica to accept Petitioner, which was denied two days later. *Id.*; Dkt. # 15 at 2. It appears no action took place after this request until November 17, 2025, when Petitioner asked ICE officers for an update on his case. Dkt. # 13 at 3. He was issued a response, which asked him what country he would like to be removed to, but it is unclear if Petitioner provided an answer at that time. *Id.* On December 9, 2025, immigration officials inquired again with Petitioner what third country he would like to be removed to, and Petitioner stated he had no family or ties to any third country except the United States. *Id.*; Dkt. # 13 at 3. Petitioner's wife entered the United States with him, was detained as well, but was released from detention after a positive credible fear interview, and she continues to live in the United States. Dkt. # 9 at 8; Dkt. #15-1. Petitioner's wife also has family members who are United States citizens. Dtk. # 15-2.

After Petitioner's arrest, he was transferred to the Northwest ICE Processing Center in Tacoma, where he remains detained today. Dkt. # 13 at 2. Self-represented, Petitioner filed this Petition for Writ of Habeas Corpus on June 18, 2025, which required a series of corrections until the petition before the Court was filed November 10, 2025. Dkt. ## 1, 3, 5, 8. Petitioner argues

ORDER - 2

that his prolonged and ongoing detention is a constitutional violation under *Zadvydas v. Davis*, 533 U.S. 678 (2001), without a reasonably foreseeable end, and thus asks for immediate release from detention under conditions of supervision.[1]  Dkt. # 9 at 5, 8; Dkt. # 15 at 1-4.

### III

#### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241 (a), (c).  "The [habeas] petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).  Title 8 U.S.C. § 1231 governs the detention and release of noncitizens subject to a removal order, such as Petitioner.[2]  Under § 1231(a), to facilitate removal the Government must hold a noncitizen in custody during the 90-day "removal period" after entry of a final removal order.  *See* 8 U.S.C. §§ 1231(a)(1)(A), (a)(2); *see also Zadvydas*, 533 U.S. at 682.

In this case, the removal period began on the date Petitioner's asylum claim was denied, an order withholding removal was granted, and all sides waived their right to appeal, and thereby, the removal order became administratively final on May 1, 2025, and the period expired 90 days later on July 30, 2025.  *See* 8 U.S.C. § 1231(a)(1)(B)(i).  The 90-day removal period has thus expired.

After the removal period expires, the Government "may" continue to detain a noncitizen who remains in the United States, but it cannot do so indefinitely.  8 U.S.C. § 1231(a)(6); *see*

---

[1] Petitioner also requests the Court consider his opportunity for sponsorship and the hardship on his family.  The Court need not reach these issues.

[2] Although Petitioner was granted a withholding of removal order under 8 U.S.C. § 1231(b)(3), that order is country-specific and only prohibits his removal to Iran.  *Johnson v. Guzman Chavez*, 594 U.S. 523, 535-36 (2021); 8 C.F.R. §§ 208.16(f), 1208.16(f).  Petitioner's asylum claim was denied, and so he is still subject to the removal order.  *See* Dkt. # 14-1.

ORDER - 3

*also Zadvydas*, 533 U.S. at 682, 701.  In *Zadvydas*, the Supreme Court held that § 1231 "limits [a noncitizen]'s post-removal-period detention to a period reasonably necessary to bring about that [noncitizen]'s removal from the United States." *Id.* at 689.  The Supreme Court determined that it is "presumptively reasonable" for the Government to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual.  *Id*. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id*.  The six-month period does not mean petitioner is entitled to relief, but "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id*.  If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief.  *Id*. at 699-701.

Petitioner's presumptively reasonable six-month period expired on or about November 1, 2025, over two months ago.  Petitioner argues that there is no good reason to believe removal is reasonably foreseeable because he cannot be removed to Iran based on the withholding of removal order, Costa Rica rejected his acceptance, no other third country has been identified for his removal, and the Government has not started the processes of requesting another third country to accept him.  Dkt. # 9 at 8; Dkt. # 15 at 2.  This is supported by Respondents' showing indicating the same. *See generally* Dkt. # 13.  Because there has been no third country identified for removal let alone the initiation of a request to a third country to accept Petitioner, the Court is persuaded that there is good reason to believe removal is not reasonably foreseeable.

The burden now shifts to Respondents to rebut this showing.  Respondents have presented evidence, without argument, that Petitioner has failed to identify a third country to

ORDER - 4

which he would like to be removed.[3]  This fact does not make removal any more or less reasonably foreseeable.  Costa Rica declined to accept Petitioner shortly after his final administrative order, on May 12, 2025, but since then the government has apparently taken no action to remove Petitioner.  Dkt. # 13 at 3.  The government has apparently reached out to no other country to accept Petitioner.  *Id*.  It was not until Petitioner asked for an update on November 17, 2025, by which time the presumed reasonable time to remove Petitioner had passed, that Petitioner was asked for a preference on a third country.  *Id*.  And it was not until nearly a month later, that an ICE officer asked again where Petitioner would like to be removed to.  *Id*.

Regardless of Petitioner's response, the Government has provided no evidence that it has sought removal to any country other than Costa Rica.  The Government need not rely on Petitioner's preferred country for removal; the governing statute provides a tiered list of alternatives when the preferred country is unavailable or one is not provided.  8 U.S.C. § 1231(b)(2)(C)-(E).  Under § 1231(b)(2), and subject to due process, the Government could have removed Petitioner to a third country.  *See Kumar v. Wamsley*, No. C25-2055-KKE, 2025 WL 3204724, at *6 (W.D. Wash. Nov. 17, 2025) (collecting cases on third country due process requirements).  Respondents' provide no reason for the delay.  Petitioner's failure to name a preferred country might be to his own detriment, but it does not prohibit the Government from removal, and in this case, it cannot overcome the good showing that removal is not reasonably foreseeable.

---

[3] Respondents do not include any argument in their brief.  They merely provide legal standards and the factual background.  *See* Dkt. # 12.  Respondents do not raise in their brief that Petitioner has not identified a third country to which he would like to be removed; instead, it is only briefly stated in a declaration.  *See generally id.*; Dkt. # 13 at 3.

ORDER - 5

Based on the significant likelihood Petitioner will not be removed in the reasonably foreseeable future, Petitioner is entitled to habeas relief.

## IV

### CONCLUSION

For these reasons, the Court:

(1) GRANTS the Petition for Writ of Habeas Corpus.  Dkt. # 9.

(2) ORDERS that Petitioner must be released from custody immediately on reasonable conditions of supervision.

(3) DIRECTS the clerk to send uncertified copies of this Order to all counsel of record.

Dated this 22nd day of January, 2026.

John H. Chun
United States District Judge

ORDER - 6